IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | ) | |
|---|---|---|
| JEREL BATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:23-1266-RJC |
| | ) | |
| AMERICAN EXPRESS and CFO JEFFREY CAMPBELL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OPINION

Robert J. Colville, United States District Judge

    Before the Court is Plaintiff Jerel Batts's Response (ECF No. 12) to this Court's February 29, 2024 Order of Court (ECF No. 11), which provided:

> All mailings from the Court in this matter having been returned as undeliverable and it being unclear whether Plaintiff has effectuated proper service on Defendants, it is hereby ORDERED that Plaintiff shall show cause by no later than 3/14/24 as to why this matter should not be dismissed for failure to prosecute.

ECF No. 11. For the reasons discussed below, and, specifically, Plaintiff's failure to come forward with sufficient proof of service and his failure to comply with Rule 8 of the Federal Rules of Civil Procedure, the Court will dismiss Plaintiff's Complaint without prejudice.

    **I.**    **Background**

    Plaintiff commenced this action by filing a Complaint (ECF No. 1) and paying the requisite filing fee on July 12, 2023. Apparently, Plaintiff drafted his Complaint on a template "civil complaint" form that bore "In the Court of Common Pleas for Allegheny County, Pennsylvania"

1

in the caption. ECF No. 1 at 1. Plaintiff crossed out the "Allegheny County" language, and he handwrote: "United States District Court Western District of Pennsylvania." *Id.* On the "Certificate of Service" page, Plaintiff checked the box indicating that he served "the foregoing Motion/Petition"[1] via "Certified Mail." The certificate of service page does not list a date upon which service was made, and it does not list who was served with "the foregoing Motion/Petition."

Plaintiff lists American Express and CFO Jeffrey Campbell as Defendants. He provides a single paragraph and two total sentences in support of his claims:

> I Jerel, bring forth claims of breach of contract towards American Express and CFO Jeffrey Campbell, I attempted to transfer the principal balance for set off, and I keep being denied access to my securities. I have sent my power of attorney and a letter of instructions after I accepted the bill stating how I wanted the bill I was being sent to be offset on three different occasions and I was denied, and my account was closed, I come forth to demand my account re-open and to sue for damages for my rights being violated federal reserve section 29 civil penalty says civil penalty violations for first tiers are 5000 a day secretaries or 25,000 a day and third tier violations are $1 million a day or 1% of the company.

ECF No. 1 at 1. By way of this paragraph, Plaintiff appears to assert a claim for breach of contract against each Defendant.

On July 17, 2023, the Court entered several standard orders that it routinely enters following the initiation of a civil case. The Court mailed these standard orders to the address listed in Plaintiff's Complaint. Each of these orders was returned to the Court on August 7, 2023 with the following notation: "Return to Sender/Not Deliverable/Unable to Forward." On August 8, 2023, the Court again mailed these orders to the address listed in Plaintiff's Complaint, and the orders were again returned on September 12, 2023 with the same "Return to Sender/Not Deliverable/Unable to Forward."

---

[1] Notably, this page does not contain the words "complaint" or "summons."

On August 31, 2023, Plaintiff filed what the Court interpreted as a "Supplement" (ECF No. 10) to his Complaint. The Supplement, quite frankly and with all due respect, adds nothing of substance to Plaintiff's allegations, and there is no indication that it was served on Defendants. In perhaps its only illuminating quality, the Supplement contains what appear, in this Court's experience, to be common references and statements associated with the sovereign citizen movement, including frequent reference to the UCC, HJR 192, the gold standard, and "strawman," as well as a reference to Plaintiff as a "secured creditor" and a reference to the Government as a corporation ("United States Inc."). *See* ECF No. 10.

These sovereign citizen averments are consistent with the Complaint, where Plaintiff's signature is, in all instances, followed by "without prejudice." *See* ECF No. 1. These averments are also consistent with the exhibits attached to Plaintiff's Response to the Court's Show Cause Order, as Plaintiff has attached documents that seem to be submitted to establish that "JEREL BATTS" has appointed "Jerel Batts" to act as his agent. ECF No. 12-1 at 1-10. Again, in this Court's experience, this is a common practice utilized, albeit unsuccessfully, by sovereign citizens to attempt to argue that the Court does not have jurisdiction over the capitalized version of their name or that a Court document has misidentified the individual. *See Awai v. USAA Fed. Sav. Bank*, No. 20-CV-00632, 2021 WL 650513, at *2 (W.D. Pa. Feb. 19, 2021); *see also Coppedge v. Deutsche Bank Nat. Tr.*, 511 F. App'x 130, 133 (3d Cir. 2013) ("In closing, we note that Coppedge's sovereign-citizen-based averments, which frequently rely on attacks on the judiciary and invocations of alchemistic, archaic, and irrelevant formalism, are unlikely to bring him relief in *any* court of law, and he would be wise to direct his energies in a more productive direction.").

As noted, the Court entered an Order on February 29, 2024 directing Plaintiff to show cause as to why this matter should not be dismissed due to the Court's orders having been returned as

undeliverable, thus indicating that Plaintiff had moved addresses and not informed the Court of the same, and it being unclear whether Plaintiff had effectuated proper service on Defendants. Plaintiff filed his Response to that Order on March 12, 2024, indicating that, in addition to his breach of contract claim, Plaintiff intended to bring a breach of fiduciary duty claim. *See* ECF No. 12 at 1. Plaintiff further provides:

> I have diligently fulfilled legal requirements by sending a notice via registered mail, formally informing the CFO of his breach of contract and failure to uphold fiduciary duties. Additionally, I possess comprehensive documentation supporting my claims, including correspondence, contractual agreements, and evidence of denied access to my securities.

*Id*. Given that Plaintiff has responded to the Court's Show Cause Order, the Court considers this matter to be ripe for disposition. The Court finds that Plaintiff has not provided adequate proof of service. The Court further finds that Plaintiff has not complied with Fed. R. Civ. P. 8. For these reasons, Plaintiff's Complaint will be dismissed without prejudice.

## II.     Legal Standards

Fed. R. Civ. P. 4(m) provides that a court, on motion or on its own after notice to the plaintiff, must dismiss an action without prejudice if a defendant is not served within ninety days following the filing of the complaint. The court must extend the time for service, however, if a plaintiff shows good cause for failure to serve. Fed. R. Civ. P. 4(m). Absent a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).

With respect to Rule 8 of the Federal Rules of Civil Procedure, the United States District Court for the District of New Jersey has explained:

> Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district

4

Court may dismiss a complaint sua sponte for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id*.

*Washington v. Aramark Corp.*, No. CV231305KMWSAK, 2023 WL 3645767, at *2 (D.N.J. May 25, 2023). The Court notes that pro se pleadings and filings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### III. Discussion

#### A. Were Defendants Served with Process in this Matter?

While far from explicit, Plaintiff's Response seemingly asserts that Plaintiff believes that he has, in fact, served the Defendants with original process in this matter. *See* ECF No. 12 at 1 ("I have diligently fulfilled legal requirements by sending a notice via registered mail, formally informing the CFO of his breach of contract and failure to uphold fiduciary duties."). Accordingly, before determining whether dismissal of this action or an extension of time for service is appropriate under Fed. R. Civ. P. 4(m), the Court must first determine whether any Defendant has been properly served.

With respect to service on an individual within a Judicial District of the United States, Federal Rule of Civil Procedure 4 provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:

>(A) delivering a copy of the summons and of the complaint to the individual personally;
>
>(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
>(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). With respect to corporations, Federal Rule of Civil Procedure 4(h)(1) similarly requires personal service or service in accordance with state law. Pursuant to Fed. R. Civ. P. 4(d), a plaintiff may notify an individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) that an action has been filed against that defendant, and request that the defendant waive service. Fed. R. Civ. P. 4(d). "Absent a waiver, the Federal Rules require either personal service or, pursuant to Fed. R. Civ. P. 4(e)(1), service that complies with state law." *Boley v. Kaymark*, 123 F.3d 756, 757 (3d Cir. 1997).

The purported service of process in this case is defective for several reasons. Initially, the certificate of service attached to Plaintiff's Complaint refers to a "motion/petition" as opposed to a "complaint" and "summons." ECF No. 1 at 5. He did not list either Defendant in the appropriate section of the certificate of service, and that section seems to simply contain pro forma language such as "Plaintiff's Counsel" and "(Attorney's Name)." In response to the Court's Order noting that it was unclear whether Plaintiff had effectuated proper service on Defendants, Plaintiff has stated that he "[sent] a notice" to Defendant Jeffrey Campbell. It seems apparent to this Court that Plaintiff is referring to three single-page documents that he attached to his Response, specifically a "Letter of Instructions," an "Opportunity to Cure," and a "Notice to Default," each of which contains an image of a registered mail receipt on the page. ECF No. 12-1 at 14-16. Service of these documents would not constitute proper service of process under the Federal Rules, which

require the party to serve a summons and a copy of the complaint on a defendant. It is clear that Plaintiff has served neither, and there is no indication that either Defendant has waived service. Accordingly, the Court finds that service is defective for this reason.

Even if this Court had found that Plaintiff had mailed a copy of a summons and a copy of the complaint to Defendants, the Court finds that Plaintiff's attempts to serve Defendants by mail in this matter would also fail for independent reasons. Service by mail is not one of the enumerated methods of service provided for by Federal Rules of Civil Procedure 4(e)(2) or 4(h)(1), and it is thus not a proper method of service under the Federal Rules. That said, service may also be achieved by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

"Under Pennsylvania Rule of Civil Procedure 404, a plaintiff may serve process outside the Commonwealth of Pennsylvania by mail in the manner provided by Pennsylvania Rule of Civil Procedure 403." *Fox v. Chipotle Mexican Grill, Inc.*, No. 2:20-CV-1448, 2021 WL 706757, at *2 (W.D. Pa. Feb. 23, 2021). Pa.R.C.P. 403 provides that such process must be mailed to the defendant by a "form of mail requiring a receipt signed by the defendant or his authorized agent." Pa.R.C.P. 404(2); Pa.R.C.P. 403; *see also Fox*, 2021 WL 706757 at *2 ("Under Pennsylvania law, service by mail upon an out-of-state corporation is not proper unless a form accompanies requiring a receipt signed by the defendant or his authorized agent. . . . Unlike restricted delivery mail, certified mail does not limit the recipient of the mail to the addressee or his authorized agent and so does not comply with Rule 403."). With respect to proof of service by mail, Pa.R.C.P. 405(c) provides:

> (c) Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail,

> (1) the returned letter with the notation that the defendant refused to accept delivery, and
>
> (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing.

Pa.R.C.P. 405(c). A plaintiff bears the burden of establishing that they served a proper agent of a corporation. *Fox*, 2021 WL 706757 at *2.

Defendants were purportedly served with process in New York. While New York law provides for personal service on an individual or entity by mail, it similarly requires proof of service beyond a mere statement that service was accomplished by certified mail:

> New York Civil Practice Law and Rules § 311(a)(1), which governs service on a corporation, provides that personal service on a corporation shall be made by "delivering the summons . . . to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." And while a mail alternative to personal service is authorized in New York pursuant to CPLR § 312-a, that provision requires that the summons be mailed "to the person or entity to be served, by first class mail, postage prepaid" "together with two copies of a statement of service by mail and acknowledgement of receipt in the form set forth in [CPLR § 312-d]." Service by mail is not complete until the acknowledgment of receipt is signed and returned. CPLR § 312-a. The record here reflects only that the summons and complaint were mailed to purported agents of the corporations, and not that the mailed summons was accompanied by the required form, or that receipt was acknowledged pursuant to those forms. Significantly, Plaintiff does not contend otherwise.

*Accuprobe, Inc. v. Earth Search Scis., Inc.*, No. 1:18-CV-11871-MKV, 2022 WL 595742, at *4 (S.D.N.Y. Feb. 28, 2022).

Plaintiff has not set forth adequate proof of service pursuant to Pa.R.C.P. 405(c), as he has not attached a return receipt signed by the individual Defendant or an authorized agent. Further, the record in this case, like in *Accuprobe*, indicates that Plaintiff did not include the requisite two copies of a statement of service by mail and the acknowledgement of receipt form set forth in CPLR § 312-d in his mailing. As such, Plaintiff fails to set forth any evidence to support a finding that either Defendant has been properly served with original process under federal, Pennsylvania,

or New York law in this matter. Accordingly, the Court finds that Plaintiff has not established that any Defendant has been properly served in this matter. Because the Court finds that the Defendants have not yet been served in this action, and because the deadline for service has passed, the Court must determine whether a further extension of time to serve the Defendants in this case is warranted.

### B. Has Plaintiff Shown Good Cause?

If a plaintiff shows good cause for a failure to serve, a court must grant an extension of time for service. Fed. R. Civ. P. 4(m). The United States Court of Appeals for the Third Circuit has "equated 'good cause' with the concept of 'excusable neglect' of Federal Rule of Civil Procedure 6(b)(2), which requires 'a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1312 (3d Cir. 1995) (Becker, J., concurring in part and dissenting in part)). The factors a court should consider in deciding whether to grant a mandatory extension are: "(1) whether the plaintiff made a reasonable effort to serve the defendant; (2) whether the plaintiff moved for an enlargement of time to serve (arguably before the expiration of the 120 day period); and (3) whether the defendant is prejudiced by the lack of timely service." *Gonzalez v. Thomas Built Buses, Inc.*, 268 F.R.D. 521, 526 (M.D. Pa. 2010) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995)). In determining whether good cause has been shown, a court looks primarily to the plaintiff's reasons for not serving the defendant within the requisite timeframe. *Gonzalez*, 268 F.R.D. at 526. Further, an absence of prejudice alone is insufficient to support a finding of good cause. *Id.*

Plaintiff has not established good cause with respect to his failure to serve the Defendants in this matter. To date, Plaintiff has not effectuated service, and has seemingly not even mailed a copy of his Complaint to the Defendants, instead just mailing three single-page documents that he refers to as "a notice." Again, even if he had mailed a copy of a summons and the Complaint to Defendants, he has not established that either Defendant has been properly served with original process under federal, Pennsylvania, or New York law in this matter. While Plaintiff may have believed that his efforts to serve were effective, the Court notes that "ignorance of the law does not rise to the level of exhibiting a reasonable basis for [a party's] noncompliance with the service requirements of Rule 4." *See Gonzalez*, 268 F.R.D. at 527 (citing *U.S. ex rel. Shaw Environ., Inc. v. Gulf Ins. Co.*, 225 F.R.D. 526, 528 (E.D. Va. 2005)). This Court's Show Cause Order informed Plaintiff that the Court found it unclear whether either Defendant had been served, and Plaintiff's Response to that Order is entirely lacking in terms of an explanation as to Plaintiff's efforts to serve to date.

Further, Plaintiff did not request an extension of time to serve the Defendants. The Court also notes that Defendants have, at a minimum, suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with original process in this lawsuit that has now been pending for nearly one year. *See Gonzalez*, 268 F.R.D. at 527 ("As with any claim, the more stale a claim becomes, the more likely it is that a defendant may become prejudiced by the lack of timely service."). Moreover, an absence of prejudice alone is insufficient to support a finding of good cause. *Id.* at 526. Because Plaintiff has not made a reasonable effort to serve Defendants in this matter, and because Defendants have suffered some prejudice, this Court finds that Plaintiff has not shown good cause warranting a mandatory extension of time for service.

### C. Is a Discretionary Extension of Time for Service Warranted?

In the absence of a showing of good cause, a court may, in its discretion, dismiss an action without prejudice or extend the time permitted for service. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995). Factors that a district court may consider in deciding whether to grant a discretionary extension include: "1) if the applicable statute of limitations would bar the refiled action; (2) if the defendant is evading service or conceals a defect in attempted service; (3) if the plaintiff is appearing pro se[;] (4) actual notice of the legal action; (5) prejudice to the defendant; and (6) other factors that may be relevant." *Gonzalez*, 268 F.R.D. at 528 (M.D. Pa. 2010) (citing *Petrucelli*, 46 F.3d at 1305–06 (3d Cir. 1995)); *see also Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009).

With respect to the issue of whether the applicable statutes of limitations would bar Plaintiff from refiling this action, Plaintiff's submissions tend to indicate that he intends to assert breach of contract and breach of fiduciary duty claims against the Defendants, and that, while not explicitly stated, the conduct at issue took place sometime in 2023. A four-year statute of limitations is applicable to breach of contract claims under 42 Pa.C.S.A. § 5525. "The statute of limitations for a breach of fiduciary duty cause of action is two years under Pennsylvania law." *In re O.E.M./Erie, Inc.*, 405 B.R. 779, 787 (Bankr. W.D. Pa. 2009) (citing 42 Pa.C.S. § 5524(7)). It seems unlikely that Plaintiff's claims would be time-barred if the Court dismisses this action without prejudice, and this factor weighs against granting a discretionary extension.

Turning to whether Defendants have evaded service or attempted to conceal a defect in service, the Court finds that this factor weighs in favor of dismissal. The record in this matter does not indicate that any Defendant has attempted to avoid service or concealed defects in service. Rather, as discussed above, the record before the Court indicates that Plaintiff has failed in all

respects to properly serve Defendants with original process. It is Plaintiff's failure to properly serve Defendants, and not evasion on Defendants' part, that has resulted in Plaintiff's failure to timely serve Defendants. Accordingly, this factor weighs in favor or dismissal without prejudice.

Plaintiff is proceeding as a pro se litigant in this matter, and that factor thus weighs in favor of granting a discretionary extension.

There is nothing in the record that indicates that either of the Defendants have actual notice of this action. This is particularly true given the Court's finding that Plaintiff seemingly did not even mail a copy of his Complaint to the Defendants, but rather just mailed three single-page documents that he refers to as "a notice." This factor weighs in favor of dismissal.

As discussed above, Defendants have suffered some prejudice in this matter due to the amount of time that has passed as a result of Plaintiff's failure to timely serve Defendants with original process in this lawsuit. *See Gonzalez*, 268 F.R.D. at 527. Accordingly, this factor weighs in favor of dismissal and against granting a discretionary extension.

Finally, the Court may look to "any other factor that may be relevant when deciding whether to grant an extension or dismiss the complaint." *Chiang v. U.S. Small Bus. Admin.*, 331 F. App'x 113, 116 (3d Cir. 2009). While pro se pleadings are subject to a less stringent standard of review, the Court notes that the allegations in Plaintiff's Complaint consist of a single paragraph and two total sentences, despite seeking $38,000,000.00 in damages. Pursuant to Fed. R. Civ. P. 8, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). While the Court acknowledges that Plaintiff's allegations are "concise," the Court finds that, as drafted, the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Washington v*, 2023 WL 3645767, at *2. Plaintiff's Complaint fails to

apprise the Court and the Defendants of the true nature and substance of his claims. Accordingly, sua sponte dismissal without prejudice is also warranted pursuant to Rule 8. Plaintiff will be granted leave to file an amended complaint, and, should he file an amended complaint, Plaintiff shall comply with Rule 8 and Rule 10(b), which provides that "[a] party must state [his] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Weighing all of the above factors, the Court finds that dismissal without prejudice is appropriate in this action, and the Court will not grant a discretionary extension of time for Plaintiff to serve Defendants. Further, it is Plaintiff, and not Defendants, who is exclusively at fault for Plaintiff's failure to serve Defendants by the deadline imposed by Fed. R. Civ. P. 4(m). Defendants have also suffered prejudice due to the delay caused by Plaintiff's failure to serve Defendants in a timely manner, and there is no indication that Defendants have notice of this lawsuit. Finally, dismissal is appropriate under Rule 8, and that also weighs against granting a discretionary extension in this matter. These factors outweigh any factors that weigh in favor of a discretionary extension in this matter, and the Court is thus within its discretion to dismiss Plaintiff's case without prejudice.

### IV. Conclusion

Accordingly, for the reasons discussed above, the Court will dismiss this case without prejudice, and will further direct the Clerk of Court to mark this case as closed. An appropriate Order of Court follows.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

Dated: June 13, 2024

cc:     Jerei Batts
        109 Duquesne Avenue Rear
        Dravosburg, PA 15034